IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| ALEX LOPEZ, JR., | § | |
| Institutional ID No. 834048, | § | |
| TDCJ No. 2329837 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:19-cv-00075-BU |
| | § | |
| | § | |
| BROWN COUNTY JAIL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff ALEX LOPEZ, JR., proceeding pro se, filed this civil action under 42 U.S.C. § 1983 on November 25, 2019. Dkt. No. 1. The Court granted Lopez leave to proceed in forma pauperis, which subjects his complaint to the Court's preliminary judicial screening measures pursuant to 28 U.S.C. § 1915(e)(2). Dkt. No. 8. And because Lopez brings his suit against government officials, his Complaint is also subject to screening under 28 U.S.C. § 1915A. This case was transferred to the docket of the undersigned for purposes of preliminary screening, including efforts to assist Lopez in developing his claims. Dkt. No. 9. Lopez has not consented to proceed before a magistrate judge.

Based on the record now before the Court, and for the reasons stated below, the undersigned recommends that Lopez's complaint should be dismissed *sua sponte* without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to obey an order of this Court.

## I. DISCUSSION AND ANALYSIS

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Dismissal without prejudice under Rule 41(b) is appropriate here because Lopez has failed to answer the Court's questions about his allegations. *See* Dkt. No. 19. Under the transfer order, the undersigned ordered Lopez to complete a magistrate judge's questionnaire, answering questions about his claims. *See* Dkt. No. 17. Lopez failed to respond, and so the Court issued a Show Cause order for Lopez to explain his failure to respond and complete the questionnaire. *See* Dkt. No. 18. Lopez responded to the order

with sufficient cause, however, Lopez stated that he "had to send the questionnaire to his power of attorney to complete with the correct dates, times, and names." Dkt. No. 19 at 1.

The Court issued a second order to complete the questionnaire, and directed Lopez to personally answer the Court's questions with as much information as possible and explained that the assistance of counsel at this juncture was unnecessary because the questionnaire only seeks facts that are solely within Lopez's knowledge. *See* Dkt. No. 20. The Court ordered Lopez to do so no later than November 5, 20201. *Id*. Further, Lopez was admonished that failure to comply with the Court's orders could result in dismissal for want of prosecution. *Id*. As of this date, Lopez has not responded to the Court's order.

Lopez has failed to respond to the Court's orders, and this case cannot proceed without Lopez's compliance. The Court is not required to delay the disposition of this case until such time as Lopez decides to comply with the Court's orders.

## II.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the District Judge DISMISS *sua sponte* Lopez's Complaint and all claims therein without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to obey an order of this Court.

It is, therefore, ORDERED that this case be transferred back to the docket of United States District Judge James Wesley Hendrix.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after

being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dismissal of these claims does not release Lopez from the obligation to pay any filing fee previously imposed. 28 U.S.C. § 1915(b)(1); *see also Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

ORDERED this 22nd day of November, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE

4